UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SAMUEL LOVE,<br><br>        Plaintiff,<br><br>    v.<br><br>KSSF ENTERPRISES LTD, et al.,<br><br>        Defendants. | Case No. 20-cv-08535-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 21 |

## INTRODUCTION

Plaintiff Samuel Love is a paraplegic who uses a wheelchair for mobility. In October 2020, he visited the W Hotel's website to plan a trip to San Francisco. He contends that hotel's website did not give him sufficient information to determine whether the hotel and its rooms were accessible to him, in violation of a rule that requires public accommodations (like the W Hotel) to describe accessible features in their reservations systems. 28 C.F.R. § 36.302(e). He thus claims violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, and California's Unruh Civil Rights Act, Cal. Civ. Code § 51.[1] The defendants — the W Hotel and its owner KSSF — moved to dismiss on the ground that their website exceeds the legal requirements. The court grants the

---

[1] Am. Compl. – ECF No. 18. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-08535-LB

motion because the plaintiff has not plausibly pleaded an ADA violation. Because it dismisses the federal claim, the court declines to exercise supplemental jurisdiction over the Unruh Act claim.

## STATEMENT

Mr. Love challenges the sufficiency of information about accessible hotel features on the W Hotel's reservation website.[2] The complaint describes the website's description of the hotel features, and the court also considers the actual descriptions on the websites.[3] The complaint describes the website's disclosures about guest-room accessibility:

- Accessible guest rooms with 32" wide doorways
- Accessible route from public entrance to accessible guest rooms
- Alarm clock telephone ringers
- Bathroom grab bars
- Bathtub grab bars
- Bathtub seat
- Deadbolt locks, lowered
- Door night guards, lowered
- Doors with lever handles
- Electrical outlets, lowered
- Flashing door knockers
- Hearing accessible rooms and/or kits
- Roll-in shower
- Shower wand, adjustable
- TTY/TTD available
- TV with close-captioning

---

[2] *Id*. (¶ 14).

[3] *Id*. at 4–5 (¶¶ 17–19); Website Screenshots, Ex. 1 to Req. for Judicial Notice (RJN) – ECF No. 21-2 at 4–6. The court takes judicial notice of the websites, the plaintiff's other lawsuits, and court documents. RJN – ECF No. 21-2; Suppl. RJN – ECF No. 24-1. Fed. R. Evid. 201(b); *Perkins v. LinkedIn Crop.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) ("Proper subjects of judicial notice when ruling on a motion to dismiss include . . . court documents already in the public record and documents filed in other courts[,] and publicly accessible websites"). The plaintiff does not object to the court's taking judicial notice. Opp'n – ECF No. 23 at 19. The court also can consider the websites under the incorporation-by-reference doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

- Toilet seat at wheelchair height
- Transfer shower
- Vanities, accessible
- Viewports, lowered[4]

The website provides the following additional information. It lists the accessible features recited in the complaint, and it allows users to search for rooms and identify features such as whether the rooms are "mobility accessible," have roll-in showers or tubs, and have hearing-impaired features such as visual alarms and notifications. It has photos of a typical accessible bathtub or roll-in shower.[5] It provides a mechanism to obtain more information: "[f]or more information about the physical features of our accessible rooms, common areas, or special services relating to a specific disability, please call +1 415-777-5300."[6]

Mr. Love claims violations of the ADA and the Unruh Act as a result of the defendants' alleged failure to ensure a reservation system that sufficiently identifies accessible features in the hotel and guest rooms.[7] The ADA claim establishes the court's federal-question jurisdiction. 28 U.S.C. § 1331. The defendants moved to dismiss the complaint on the ground that they provided all legally required information.[8] The court held a hearing on March 18, 2021. The parties consented to magistrate jurisdiction.[9]

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

[4] Am. Compl. – ECF No. 18 at 6 (¶ 19).
[5] Reservation Screenshots, Ex. 2 to RJN – ECF No. 21-2 at 8–9.
[6] Website Screenshots, Ex. 1 to RJN – ECF No. 21-2 at 6.
[7] Am. Compl. – ECF No. 18 at 12–14 (¶¶ 41–48).
[8] Mot. – ECF No. 21.
[9] Consents – ECF Nos. 7, 16.

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

## ANALYSIS

The issue is whether the W Hotel's reservation website discloses sufficiently the accessible features in the hotel and its guest rooms.[10] The weight of authority establishes that it does.

Title III of the ADA prohibits discrimination against disabled individuals in public accommodations. 42 U.S.C. §12182(a). To recover on an ADA discrimination claim, a plaintiff must prove that (1) he or she is disabled within the meaning of the statute, (2) the defendants are private entities that own, lease, or operate a place of public accommodation, and (3) the plaintiff was denied public accommodation by the defendants because of his or her disability. *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.,* 603 F.3d 666, 670 (9th Cir. 2010).

---

[10] Opp'n – ECF No. 23 at 7.

A public accommodation's reservation system — like the W Hotel's system — must comply with 28 C.F.R. § 36.302(e), which requires the hotel to do the following:

> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms; [and]
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservation service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

26 C.F.R. § 36.302(e)(1)(i)–(ii).

Every case that has addressed the sufficiency of a hotel website's disclosures has held that disclosures like the disclosures here meet the requirements of the C.F.R. The court follows the cases as persuasive.

In *Love v. Marriott Hotel Services*, Mr. Love challenged Marriott Hotel's nearly identical disclosures on its reservations website:

> Accessible guest rooms with 32" wide doorways; accessible route from public entrance to accessible guest rooms; alarm clock telephone ringers; bathroom grab bars; bathtub grab bars; bathtub seat; deadbolt locks, lowered; door night guards, lowered' doors with lever handles; electrical outlets, lowered; flashing door knockers; hearing accessible rooms and/or kits; roll-in shower; shower wand, adjustable; TTY/TTD available; TV with close-captioning; toilet seat at wheelchair height; transfer shower; vanities, accessible; viewports, lowered.

No. 20-cv-07137-TSH, 2021 WL 810252, at *6 (N.D. Cal. Mar. 3, 2021) (cleaned up), *appeal docketed*, No. 21-15458 (9th Cir. Mar. 15, 2021). The website listed other hotel features such as "accessible self-parking," "elevators," and "service animals are welcome." *Id*. It identified areas of the hotel, such as the business center and fitness center, as having "accessible routes from the public entrance." *Id*. (cleaned up). The website also provided a phone number for guests to call to learn about "physical features" of the hotel's accessible rooms and areas. *Id*. at *7.

The court held that these disclosures satisfied the C.F.R. *Id*. at *6–8 (collecting cases). Other cases have reached similar conclusions on similar facts. *See, e.g.*, *Arroyo v. JWMFE Anaheim, LLC*, No: SACV 21-00014-CJC (KESx), Dkt. 17, at *5–6 (C.D. Cal. Feb. 16, 2021) (website containing nearly identical information about accessible-room features "more than satisfies

Defendant's obligation under § 36.302(e)(ii));[11] *Salinas v. Apple Ten Spe Capistrano, Inc.*, No.: SACV 20-02379-CJC (DFMx), Dkt. 14, at *5–6 (C.D. Cal. Feb. 18, 2021) (defendant's website, disclosing almost the same features and listing a phone number for more accessibility information, met the requirements of § 36.302(e)(ii));[12] *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-cv-01409-HRL, 2017 WL 635474, at *9–10 (N.D. Cal. Feb. 16, 2017) (defendant's website sufficiently described the hotel's accessibility by disclosing that "accessible guest rooms have a 32 inch wide opening," listing accessible areas of the hotel, and describing "Accessible Room Features" for individual room types such as "this room type offers mobility accessible rooms" and "this room type offers accessible rooms with roll in showers") (cleaned up); *accord Arroyo v. AJU Hotel Silicon Valley, LLC*, No. 20-cv-08218-JSW, Dkt. 24, at *1–6 (N.D. Cal. Mar. 16, 2021); *Garcia v. Chamber Maid L.P.*, No. CV 20-11699 (PA) (PDx), 2021 U.S. Dist. LEXIS 49411, at *1–3, 9–14 (C.D. Cal. Mar. 15, 2021).

The website disclosures here are like those in the cases in the preceding paragraph. Mr. Love does not plausibly plead an ADA claim.

He nonetheless contends that that public accommodations like the W Hotel must provide additional information about doors, the maneuvering clearance at the bed, and information about the bathroom (such as the toilet, the sink, and the shower and tub).[13] He asserts that ADA regulations about beds, toilets, sinks, and showers require a hotel to provide the following information on its website: (1) doorways have at least 32 inches of clearance; (2) beds have at least 30 inches of maneuvering clearance on each side; (3) toilets have grab bars, and the seat is between 17 and 19 inches high; (4) sinks have knee clearance of at least 27 inches high and eight inches deep, plumbing is wrapped, and the mirror's bottom edge is no more than 40 inches in height; and (5) roll-in showers have grab bars and a detachable hand-held shower spray.[14]

---

[11] *Arroyo, LLC*, Ex. 1 to Suppl. RJN – ECF No. 24-1 at 4–11.

[12] *Salinas*, Ex. 3 to Suppl. RJN – ECF No. 24-1 at 14–20.

[13] Opp'n – ECF No. 23 at 22.

[14] *Id.* at 21–26 (citing 36 C.F.R. Pt. 1191, App. D, §§ 404.2.3, 306.3.3, 603.3, 604.4–.5, 606.2, 606.5, 608.3, 606.6, 806.2.3).

The *Marriott* court rejected Mr. Love's contention that § 36.302(e) requires these disclosures, relying in part on the U.S. Department of Justice's guidance in an appendix to the regulation:

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

DOJ Guidance, 28 C.F.R. Pt. 36, App. A (2011); *see Marriott*, 2021 WL 810252 at *5 (citing *id.*).

The *Marriott* court identified "key principles" in the DOJ's commentary, including (1) the reservation system was not intended to be an accessibility survey, and (2) it may be sufficient for accessible rooms to specify the general type of room, the size and number of beds, the bathing facility (e.g., a roll-in shower), and the communication facilities in the room (e.g., alarms and visual-notification systems). 2021 WL 810252 at *5. It gave substantial deference to the DOJ guidance. *Id.* (citing *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015)). It held that the Marriott's website description — virtually the same as the W Hotel's website description — exceeded the requirements of the DOJ's ADA guidance and exceeded the requirements that the *Barnes* court found sufficient. *Id.* at *6–7. Mr. Love thus did not plausibly plead an ADA claim.

The court follows this reasoning as persuasive.

First, "websites need not include all potentially relevant accessibility information." *Id.* at *6 (quotation omitted). The website here contains disclosures that other courts have approved as a sufficient disclosure under the regulation and guidance. *Id.* (collecting cases); *Strojnik v. Orangewood LLC*, CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *19–22 (C.D. Cal. Jan. 22, 2020) (website disclosing "wheelchair accessible accommodations" and whether the rooms have accessible bathroom and roll-in showers), *aff'd*, 829 F. App'x 783, 783 (9th Cir. 2020); *Strojnik v. 1315 Orange LLC*, No. 19cv1991-LAB (JLB), 2019 WL 5535766, at *1–2 (S.D. Cal. Oct. 25, 2019) (dismissing ADA claim because the plaintiff "does not cite any authority

suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked"); *Rutherford v. Evans Hotels, LLC*, No. 18-CV-435-JLS (MSB), 2020 WL 5257868, at *16 (S.D. Cal. Sep. 3, 2020) (the websites "described rooms as being accessible, some even 'in some detail;'" the plaintiff did not show injury-in-fact; "just because [the plaintiff] would like additional detail does not mean he is entitled to it under Section 36.302(e)(1)(ii)").

Second, "the [DOJ] Guidance cited above makes clear that details about a hotel's accessible features — 'such as the specific layout of the room and bathroom, shower design, grab-bar locations and other amenities available (e.g. bathtub bench)' — can be provided 'once reservations are made' and do not have to be provided on the reservations website." *Marriott*, 2021 WL 810252 at *7 (citing 28 C.F.R. Pt. 36, App. A). "This alone shows that the very type of specificity that Love desires in this case is not required on a website." *Id.* "This provides further support that websites need not include all potentially relevant information; if a website was required to have all relevant information, individuals would not need to call the hotel to get further information." *Id.* (quotation omitted).

Third, as the *Marriott* court said, the DOJ's enforcement position about the ADA accessibility guidelines supports the conclusion that the website information here complies with the ADA. In a 2010 lawsuit involving Hilton Hotels, the DOJ contended that Hilton's online reservation system did not "accurately reflect the inventory of accessible types of rooms and amenities available at each property." *Id.* (quotation omitted). The parties resolved the lawsuit with a consent decree requiring Hilton to ensure that its reservation system "identif[ied] by room type which rooms were accessible, and for each such room type, which of the following accessibility or other features it has: (i) number of beds, (ii) size of bed(s), (iii) roll-in shower or accessible tub, (iv) visual alarms, (v) executive level, (vi) suite, (vii) kitchen/kitchenette, (viii) view, if a particular hotel charges more for a room based on the view." *Id*. (cleaned up). "In other words, the DOJ required the same guestroom accessibility information enumerated in its [] Guidance (and all of which is present, as applicable, on the website in the instant case)."

In sum, like the Marriott website, the W Hotel's website complies with the regulations. It provides all information required by the DOJ guidance (such as information about accessible

entrances, the path of travel to check-in and other services, and the accessible route to the accessible rooms). *Id.* It has detailed descriptions of the guest rooms' accessibility features. *Id.* It exceeds the requirements of the DOJ guidance. *Id.* Mr. Love thus does not plausibly plead an ADA claim. Because he cannot cure the deficiencies of his claim, the dismissal is with prejudice.

Because the court dismisses the federal claim, it declines to exercise supplemental jurisdiction over the state-law Unruh claim. 28 U.S.C. § 1367(c)(3); *Marriott*, 2021 WL 810252 at *8.

## CONCLUSION

The court dismisses the ADA claim with prejudice and declines supplemental jurisdiction over the Unruh Act claim.

This disposes of ECF No. 21.

**IT IS SO ORDERED.**

Dated: March 18, 2021

_____
LAUREL BEELER
United States Magistrate Judge